TCK

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Todd McEnany, ) | No. CV 05-4046-PHX-DGC (CRP) |
| Plaintiff, ) | **ORDER TO SHOW CAUSE** |
| vs. ) | |
| Joe Arpaio, ) | |
| Defendant. ) | |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] Plaintiff was formerly confined in the Maricopa County Jail in Phoenix, Arizona. Because Plaintiff was a prisoner at the time he filed his Complaint, he became obligated to pay the $250.00 civil action filing fee. See Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002) ("Under the PLRA, all prisoners who file IFP civil actions must pay the full amount of the filing fee."); 28 U.S.C. § 1915(b)(1). He applied to proceed *in forma pauperis* without *prepayment* of the fees. See Dkt. #1.

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**JDDL**

1  Normally, after granting leave to proceed *in forma pauperis*, the Court orders the
2  inmate's custodian to periodically withdraw funds from the inmate's account according to
3  a statutory formula in 28 U.S.C. § 1915(b)(2) until the $250.00 filing fee is paid in full.
4  Plaintiff, however, no longer has an inmate trust account.  Soon after filing his Complaint,
5  he submitted a change of address to a private residence, showing that he had been released
6  from jail.  See Dkt. #7.  Consequently, the $250.00 civil action filing fee is now due in full
7  unless Plaintiff can show good cause within **thirty days** why he should not be required to
8  pay it immediately.

9  To comply, Plaintiff must file a pleading entitled "Response."  The response must be
10  made under penalty of perjury.  See 28 U.S.C. § 1746 (the oath requirement may be satisfied
11  when a person declares under penalty of perjury that the submission is true and correct, and
12  signs and dates the statement).  Plaintiff must *either* (1) identify his date of release and
13  promise to pay the $250.00 filing fee within 120 days of the date of his release, or (2) show
14  good cause why he should not be required to pay the fee within 120 days.  If Plaintiff
15  chooses to demonstrate good cause, he must describe his current financial condition in detail,
16  including his sources of income, whether he is employed, and any liabilities he may have.
17  Of course, Plaintiff may simply submit the $250.00 filing fee in lieu of a response.

18  Plaintiff should take notice that if he fails to timely comply with every provision of
19  this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
20  41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258 (9th
21  Cir.) (district court may dismiss action for failure to comply with any order of the court), cert.
22  denied, 506 U.S. 915 (1992).  In addition, until the method of collection of the filing fee is
23  resolved, the Court will not screen his action under 28 U.S.C. § 1915A.

24  **IT IS THEREFORE ORDERED THAT:**

25  (1)  Plaintiff shall have **thirty (30) days** from the date this Order is filed to either pay
26  the $250.00 filing fee in full or to respond as described in this Order.

27  (2)  The Clerk of Court is directed to enter a judgment of dismissal of this action
28  without prejudice and without further notice if Plaintiff fails to comply.

DATED this 29th day of March, 2006.

David G. Campbell
United States District Judge